**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALIAKSANDRA DANILCHYK,<br><br>                    Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN,<br><br>                    Respondent. | Case No.: 26-cv-2455-RSH-MMP<br><br>**ORDER DENYING PETITION**<br><br>[ECF No. 9] |

On April 17, 2026, petitioner Aliaksandra Danilchyk proceeding pro se filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. On April 29, 2026, Respondents filed a return, ECF No. 4, and thereafter a supplemental brief, ECF No. 6. On May 9, 2026, counsel filed a notice of appearance on behalf of Petitioner, and thereafter filed a traverse. ECF Nos. 7, 8.[1]

As reflected in her traverse, Petitioner challenges her detention without a bond hearing, pending her immigration proceedings, as unduly prolonged in violation of due

---

[1] This Court previously dismissed a prior petition filed by Petitioner in Case No. 26-cv-2230-RSH-DDL for failure to advance an adequate legal basis for relief.

process. ECF No. 8 at 7.[2]

## I.   LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

## II.   ANALYSIS

### A.   Whether Petitioner Has a Due Process Claim

Respondents argue that under the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), Petitioner has no due process rights beyond those that Congress has provided, and that her due process claim therefore fails. ECF No. 6 at 4. In *Thuraissigiam*, the Supreme Court rejected a habeas petitioner's argument that the due process clause conferred rights to challenge his expedited removal beyond those established by Congress, stating that "an alien at the threshold of initial entry cannot claim any greater rights under the Due Process Clause." 591 U.S. at 107. The petitioner in that case had "attempted to enter the country illegally and was apprehended just 25 yards from the border." *Id.* The Supreme Court determined that the "political department of the government" had plenary authority to admit or exclude aliens seeking initial entry, and thus "an alien in respondent's position has only those rights regarding admission that Congress has provided by statute." *Id.* at 139–40.

Following the Supreme Court's decision in *Thuraissigiam*, some district courts have adopted Respondents' reasoning to dismiss or deny habeas petitions in the context of arriving aliens subject to mandatory detention under Section 1225(b). *See Petgrave v. Aleman*, 529 F. Supp. 3d 665, 679 (S.D. Tex. 2021) ("As far as Petitioner is concerned,

---

[2]   Petitioner's traverse, drafted and filed by counsel, develops this claim. The other grounds for relief set forth in the Petition, filed pro se, lack merit.

whatever procedure Congress has authorized is sufficient due process."); *Gonzales Garcia v. Rosen*, 513 F. Supp. 3d 329, 536 (W.D.N.Y. 2021) ("Petitioner is on the threshold of initial entry into the United States and . . . he accordingly is not entitled to procedural protections beyond those provided by statute.").

Most courts have ruled otherwise. *See Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1225(b) … 'essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'") (quoting *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019)); *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020) ("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). This Court agrees with the majority position that a person detained under Section 1225(b) may assert a due process challenge to prolonged mandatory detention without a bond hearing.

This Court likewise agrees with those district courts that interpret *Thuraissigiam* as circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 825 (W.D. Pa. 2025) ("Nowhere in [*Thuraissigiam*] did the Supreme Court suggest that arriving aliens being held under § 1225(b) may be held indefinitely and unreasonably with no due process implications, nor that such aliens have no due process rights whatsoever."); *Hernandez v. Wofford*, No. 25-cv-986-KES-CDB (HC), 2025 WL 2420390, at *3 (E.D. Cal. Aug. 21, 2025) ("Although the Supreme Court has described Congress's power over the 'policies and rules for exclusion of aliens' as 'plenary,' and held that this court must generally 'defer to Executive and Legislative Branch decisionmaking in that area,' it is well-established that the Due Process Clause stands as a significant constraint on the manner in which the

26-cv-2455-RSH-MMP

political branches may exercise their plenary authority'—through detention or otherwise.") (citations omitted); *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) ("The holding in *Thuraissigiam* does not foreclose Plaintiffs' due process claims which seek to vindicate a right to a bond hearing with certain procedural protections.").

The Court concludes that it has authority to review whether Petitioner's detention, pursuant to a scheme of mandatory detention, has become unconstitutionally prolonged.

**B.** **Whether Petitioner's Detention is Prolonged in Violation of Due Process**

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali*, 499 F. Supp. 3d at 773–74; *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773–74.

Here, Petitioner has been detained for just under eight months, having been arrested on October 5, 2026. *See* ECF No. 8 at 7. Respondents argue that "[c]ourts generally 'become extremely wary of permitting continued custody absent a bond hearing.'" ECF No. 6 at 5 (quoting *Sibomana v. LaRose*, No. 22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023)). Petitioner does not appear to argue or cite authority for the proposition that any particular length of detention weighs in favor of a bond hearing, but notes that the constitutional concerns increase as the length of detention increases. ECF No. 8 at 7. Neither party meaningfully addresses the remaining factors. *See* ECF No. 6 at 5-6; ECF No. 8 at 7-8. On balance, the Court declines to conclude that Petitioner's length of detention to date—just under eight months—without more establishes her entitlement to a bond hearing under the due process clause.

Petitioner has not met her burden of demonstrating that "[sh]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. §

2241(c)(3).

## III.   CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. In light of this disposition, the Court **DENIES** as moot Petitioner's motion to consolidate [ECF No. 9] this case with that of her sister, Case No. 26-cv-2454, which has also been denied. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 3, 2026

_____
Hon. Robert S. Huie
United States District Judge